UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMAND CLAY, SR.,

       Plaintiff,                    Hon. Wendell A. Miles

v.                                      Case No. 4:04 CV 142

MUSKEGON COUNTY JAIL, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Judgment on Pleadings or Summary Judgment</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

## BACKGROUND

Plaintiff's statement of his claim reads as follows:

> Well I was in the County Building in January 21st[1] and I had a sore on the bottom of my foot and they was wrapping it and then a sore started on the top of my right foot, then I went to a foot specialist. Then she ordered meds, but I never got what she ordered, so it lead to cutting off my leg.

(Dkt. #1).

Plaintiff initiated the present action, pursuant to 42 U.S.C. § 1983, against the Muskegon County Building, the Muskegon County Jail, and unidentified (and unserved) "nurses." Plaintiff has

---

[1] According to an affidavit executed by Lt. Ronald Kubicek, the Jail Administrator for the Muskegon County Jail, Plaintiff was housed in the Muskegon County Jail from January 25, 2004, through February 17, 2004. (Dkt. #13, Exhibit 1).

failed to articulate what relief he seeks. Defendants Muskegon County Building and Muskegon County Jail filed the present motion seeking the dismissal of Plaintiff's complaint. Plaintiff has not responded to Defendants' motion.

## STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). To survive a motion to dismiss, Plaintiff's complaint must allege facts, which if proved, would entitle him to relief. *See Helfrich v. PNC Bank*, 267 F.3d 477, 480-81 (6th Cir. 2001) (citations omitted).

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric*

*Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

**I.       Exhaustion**

Defendants first assert that because Plaintiff failed to properly grieve the claims asserted in his complaint, the present action must be dismissed. As discussed below, the Court finds that Plaintiff has, in fact, failed to properly exhaust all available administrative remedies in this matter.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Defendants have submitted an affidavit from Lt. Ronald Kubicek, the Jail Administrator for the Muskegon County Jail. (Dkt. #13, Exhibit 1). Kubicek asserts that the Muskegon County Jail "has in effect a grievance procedure for inmates" which "provides that an inmate will be allowed to grieve on any subject concerning his/her confinement without fear of reprisal." Kubicek further asserts that during Plaintiff's brief incarceration in the Muskegon County Jail, he "never filed a grievance on any matter whatsoever." *Id.*

Plaintiff has not refuted this evidence. Moreover, while Plaintiff asserts in his complaint that he filed a grievance at the correctional facility in which he is presently confined (a Michigan Department of Corrections facility unaffiliated with the Muskegon County Jail), he has not asserted that he filed a grievance with the Muskegon County Jail. The Court concludes, therefore, that Plaintiff has failed to properly exhaust his administrative remedies in this matter.

## II.  **Defendants are Entitled to Summary Judgment**

Plaintiff has sued the Muskegon County Building and the Muskegon County Jail. These Defendants are simply buildings, not entities capable of being sued in their own right. Construing Plaintiff's complaint liberally, the Court has assumed that Plaintiff intended to sue Muskegon County. For the reasons discussed below, however, Muskegon County is entitled to summary judgment.

State governments and entities properly characterized as arms of the state are immune from suits for money damages under the Eleventh Amendment. *See Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (citation omitted). However, unlike state governments, local governments, municipalities, and counties are considered "persons" within the meaning of § 1983 and "may be sued for constitutional deprivations." *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

While counties are considered "persons" for purposes of § 1983 liability, counties are not liable for every misdeed of their employees and agents. Instead, municipal liability under § 1983 may only attach where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004).

Accordingly, Plaintiff must establish the following elements: (1) that a constitutional violation occurred, and (2) that Defendant is responsible for that violation. *Id.* (citation omitted). With respect to the second element, Plaintiff must "identify the policy, connect the policy to [Defendant] itself and show that the particular injury was incurred because of the execution of that policy." *Id.* at 383 (citation omitted). Plaintiff must establish the existence of "a direct causal link" between the policy and

the alleged constitutional violation "such that [Defendant's] 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Id.* (citations omitted).

Plaintiff has failed to respond to Defendants' motion. In his complaint, Plaintiff has failed to identify any policy or custom which he alleges is responsible for (or in any way related to) the harm he allegedly suffered. Plaintiff has not submitted any other pleading addressing this particular issue. In sum, Plaintiff has failed to submit any evidence from which a reasonable person could conclude that the injuries he allegedly suffered were caused by any policy or custom of Muskegon County or the Muskegon County Jail. Accordingly, the Court concludes that Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Judgment on Pleadings or Summary Judgment</u>, (dkt. #13), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 14, 2005               /s/ Ellen S. Carmody
                                  ELLEN S. CARMODY
                                  United States Magistrate Judge