UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMAND CLAY, SR.,

    Plaintiff,                                                Case No. 4:04-cv-142

v                                                         Hon. Wendell A. Miles

MUSKEGON COUNTY JAIL and its NURSES,

    Defendants.
_____/

### NOTICE OF IMPENDING DISMISSAL and
### ORDER VACATING REPORT AND RECOMMENDATION

On October 29, 2004, plaintiff, a Michigan prisoner, filed this *pro se* action asserting claims under 42 U.S.C. § 1983 arising while he was confined in the Muskegon County Jail before his transfer to a State prison.

On July 14, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that a motion for judgment on the pleadings or summary judgment be granted. However, it has since been learned that plaintiff may now be deceased. On July 27, 2005, plaintiff's copy of the R & R, which had been mailed to him, was received back from the prison where it had been sent, with the outer portion of the envelope bearing the notation "Deceased." Although it is not known precisely when plaintiff expired, it appears that he was alive as recently as June 30, 2005, when he authored a written response to the defendants' motion. (This response was docketed on July 5, 2005.)

Fed.R.Civ.P. 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. However, in order for a surviving action to continue after the death of the plaintiff, it must be pursued by the personal representative of the estate of the deceased plaintiff. Chobot v. Powers, 169 F.R.D. 263, 266 (W.D.N.Y. 1996). Rule 25(a)(1) permits a motion for substitution to be made "not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death[.]" This time period is subject to enlargement under Fed.R.Civ.P. 6(b) if good cause can be shown why a timely motion to substitute is not possible. Dietrich v. Burrows, 164 F.R.D. 220, 222 (N.D. Ohio 1995). Unless the motion for substitution is made as required, Rule 25(a)(1) provides that the action "shall be dismissed as to the deceased party." However, "[t]he law is well settled that the Suggestion of Death must identify the successor or representative of the deceased." Id. (citing McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) and Smith v. Planas, 151 F.R.D. 547 (S.D.N.Y. 1993)).

Under Michigan law, all actions and claims survive death. M.C.L. § 600.2921. Therefore, the claims asserted by plaintiff in this action are not extinguished by his death, and may be continued by the personal representative of his estate. M.C.L. § 600.2922(2).

The envelope returned from the prison bearing the notation "Deceased" does not qualify as a proper suggestion of death under Rule 25(a)(1). It is not known whether defendants have in fact served a suggestion of death which is sufficient to trigger the 90-day time limit provided by the rule. Cf. Russell v. City of Milwaukee, 338 F.3d 662 (7th Cir. 2003) (suggestion of death made by letter which included statement indicating service on attorneys was sufficient to trigger Rule 25(a)(1)).

Notwithstanding defendants' failure to establish proper service of a suggestion of death as provided by the rule, the court hereby **vacates the R & R** and hereby gives notice that **this action**

**shall be dismissed not later than 90 days from the date of defendants' service of a valid suggestion of death** as provided by Fed.R.Civ.P. 25(a)(1).   To establish the running of this time period, defendants shall file a proof of service of a suggestion of death as provided by the rule.

      So ordered this 15th day of August, 2005.

                                               /s/ Wendell A. Miles
                                            Wendell A. Miles
                                            Senior U.S. District Judge